# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| VASSIL MARKOV MARINOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 59 |
| | ) | |
| UNITED AUTO WORKER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW's ("International Union") motion to dismiss for improper venue. (DE # 16.) For the reasons that follow, the court denies the motion.

## I.     BACKGROUND

Plaintiff Vassil Markov Marinov's complaint alleges that, as part of his employment with Fiat Chrysler Automotive, in Kokomo, Indiana, he was inappropriately included as a member of the defendant International Union and its local affiliate, Local 685. (DE # 1.) Plaintiff contends that union dues were improperly deducted from his Chrysler paychecks, and that the deduction of union dues from his paychecks is contrary to his religious beliefs.

Defendant now moves to dismiss plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406. (DE # 16.)

## II.     LEGAL STANDARD

On consideration of a Rule 12(b)(3) motion to dismiss for improper venue, a court

must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). When ruling on such a motion, a district court may examine facts outside the complaint without converting the motion to a motion for summary judgment. *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544–45 (7th Cir. 2014); *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). Venue can be proper in more than one district. *See Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009).

> Pursuant to 28 U.S.C. § 1391(b), civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). The residency of a labor union, for venue purposes, is determined by the residency of the entity itself – not the residency of its individual members. *Denver & R. G. W. R. Co. v. Bhd. of R. R. Trainmen*, 387 U.S. 556, 559 (1967).

**III.     ANALYSIS**

Defendant argues that because it operates out of its Detroit, Michigan office, venue

is proper in the Eastern District of Michigan pursuant to § 1391(b)(1). (DE # 17 at 5.)

Defendant argues that venue would also be appropriate in the Southern District of Indiana

pursuant to § 1391(b)(2), because a substantial portion of the events or omissions giving

rise to plaintiff's claim occurred in Kokomo, Indiana, which is located in the Southern

District of Indiana. (*Id.* at 6.) Defendant argues that because it does not reside in the

Northern District of Indiana, and a substantial portion of events or omissions giving rise to

plaintiff's claim did not occur in the Northern District of Indiana, venue is not proper in

this district.

Defendant contends that it "resides" in the Eastern District of Michigan, without

addressing § 1391(c)(2)'s provision that a defendant such as International Union resides "in

any judicial district in which such defendant is subject to the court's personal jurisdiction

with respect to the civil action in question[.]" Neither party in this case substantively

addressed the question of whether defendant is subject to personal jurisdiction in the

Northern District of Indiana.

Section 1391(d) provides, "in a State which has more than one judicial district and in

which a defendant that is a corporation is subject to personal jurisdiction at the time an

action is commenced, such corporation shall be deemed to reside in any district in that

State within which its contacts would be sufficient to subject it to personal jurisdiction if

that district were a separate State[.]" However, defendant admits that § 1391(d) does not

3

apply because it is not a corporation. (DE # 26 at 4.) Unlike § 1391(d), § 1391(c)(2) does not state that each judicial district shall be treated as if it were a separate state for purposes of establishing personal jurisdiction. Rather, it appears that so long as defendant is subject to personal jurisdiction within the state of Indiana, defendant can be said to reside in the Northern District of Indiana for purposes of § 1391(b)(1), and venue in this district is proper. Defendant concedes that it is subject to personal jurisdiction in the Southern District of Indiana, and thus, it appears that defendant has conceded the issue of personal jurisdiction within the state of Indiana as a whole. However, because neither party adequately addressed the issue of personal jurisdiction, defendant's motion is denied without prejudice and with leave to re-file, if appropriate.

IV.    CONCLUSION

For these reasons, the court:

(1)    **DENIES WITHOUT PREJUDICE** defendant's motion to dismiss (DE # 16);

(2)    **GRANTS** defendant until **July 30, 2019**, to re-file its motion, if appropriate;

(3)    **DENIES AS MOOT** plaintiff's "motion to not have mail sent to plaintiff" (DE # 21); and

(4)    **DENIES** plaintiff's "motion regarding electronic systems" (DE # 28).

**SO ORDERED.**

Date: July 2, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT