# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| VASSIL MARKOV MARINOV, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED AUTO WORKER, )<br>    Defendant. ) | CAUSE NO.: 4:18-CV-59-JTM-JEM |

## OPINION AND ORDER

This matter is before the Court on two motions [DE 43, 44] filed by Plaintiff Vassil Markov Marinov, *pro se*, on October 31, 2019, and several "objections" to Defendant UAW's discovery responses [DE 45-48, 50] filed by Marinov on November 4, 5, and 12, 2019. UAW responded to the objections on November 18, 2019, and Marinov filed replies on December 9, 2019. UAW has also filed a Motion to Extend Certain Discovery Deadlines by 90 Days [DE 70]. Marinov responded to the motion to extend on March 16, 2020. UAW has not replied and the time to do so has passed.

In Marinov's filings, he asks the Court to compel UAW to supplement what he sees as inadequate discovery responses, and prevent UAW from using certain documents and information as evidence. As an initial matter, UAW objects to each request by stating that Marinov has not certified that he attempted to resolve the matters without Court intervention, as required by Local Rule 37-1. In a case involving a *pro se* party, a discovery motion will not be denied because the movant fails to file a certification that he has conferred with the other side. *See* N. D. Ind. L. R. 37-1(b). However, the party making the request still has to speak to the other side before asking the Court for relief. *See* Fed. R. Civ. P. 37(a)(1) (stating that the movant must "confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). In the

1

interest of conserving the parties' and the Court's resources, and given that the parties' filings indicate clear disagreement on several of the issues raised, the Court considers Marinov's requests and objections in turn. The Court reminds the parties that, although "discovery material" must be filed on the docket, *see* N. D. Ind. L. R. 26(a)(2)(A), communications between the parties, such as letters and e-mails, do not need to be filed.

### A. Timing of UAW's Responses [DE 43, 44]

First, Marinov requests that UAW be sanctioned for failing to timely produce responses to written discovery requests. Marinov served the discovery requests on September 30, 2019, *see* [DE 35, 36, 37], and UAW served the responses on Marinov on October 30, 2019, *see* [DE 39, 40, 41, 42]. The deadline to respond to requests for production and interrogatories is 30 days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Therefore, UAW's responses were not late, and no sanction is warranted.

### B. Marinov's Request for UAW's Financial Information [DE 45]

Next, Marinov requests that UAW produce "copies of the accounting reference for the . . . holdings of Defendant . . . for 2018." Marinov states that this is needed so he can determine the "compensation" he will request in this case. UAW objects to the request as vague, irrelevant, unduly burdensome and seeking information outside its possession, custody or control. A defendant's finances are relevant to the case if the allegations "clearly bring . . . financial condition into issue." *See Simon v. Whichello*, No. 1:05-CV-333, 2006 WL 2042154, at *4 (N.D. Ind. July 18, 2006). The allegations in the Complaint – in short, that UAW discriminated against Marinov based on his religion, misused his personal information and wrongly took portions of his salary – do not relate to UAW's financial condition. Although financial condition can in certain cases be relevant to

punitive damages, *see United States v. Haddox*, No. 2:08-CV-208-PPS-PRC, 2009 WL 3586957, at *2 (N.D. Ind. Oct. 27, 2009) (listing cases), Marinov does not seek punitive damages in his Complaint. Therefore, UAW will not be required to respond further to Marinov's request.

### C. Marinov's Requests to Exclude Evidence [DE 46, 50]

Marinov requested that UAW produce "all documents and similar that you want to use as [evidence] in this case." In response to UAW's production of 959 pages of documents, Marinov objects that the large majority are irrelevant to the case. He states that the documents will need to be translated, at significant expense, and asks that Defendant be "obligated not to submit or use as [ ] evidence . . . [d]ocuments which have nothing to do with the subject matter of the case." In a separate filing, Marinov makes a similar objection to UAW's initial disclosures.

Although Marinov may believe the documents or information produced are irrelevant, UAW is entitled to identify and produce the information it wants to use. If UAW attempts to use the documents or information in support of a motion or at trial, Marinov may seek to have that evidence excluded, if it is being used for an improper purpose. During the discovery phase, there is no basis to exclude any document from evidence.

### D. Marinov's Objections to UAW's Production [DE 47]

Marinov also objects that UAW did not produce all documents relevant to his requests for production. In Marinov's Requests #1 and #2, he seeks documents containing his name and "personal data" and documents showing that any third party sought or exchanged his "personal data" with UAW. UAW objected to the requests as vague, irrelevant, unduly burdensome, and seeking documents outside of its custody and control, and directed Marinov to a previous production.

Given Marinov's allegation that UAW improperly disseminated his personal information,

3

Marinov is entitled to some discovery showing if and how UAW shared that information. It may be true that his requests are overbroad or seek irrelevant information. However, because UAW made only boilerplate objections to the requests, the Court is unable to discern what documents Marinov is entitled to. While Marinov must articulate his requests with specificity, UAW is likewise obligated to "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B); *see also Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 536 (N.D. Ind. 2011) (citing *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)) (finding that boilerplate objections do not meet the objecting party's burden to show with specificity that the request is improper). The Court directs the parties to confer regarding these two requests. In particular, UAW must explain why the particular documents are irrelevant or too burdensome to produce, and who has the documents it says are outside of its control. To the extent there is confusion about Marinov's use of the term "personal data," he must explain what kind of personal data he is referring to.

In Marinov's Request #3, he seeks "Accounting reference by Days, Months and Years and name of importer for all amounts of money, that were imported on my name, for a member fees of UAW." UAW objects to the request as vague, overbroad, unduly burdensome, and seeking documents outside of its custody and control. To the extent that Marinov seeks to know what fees he has paid for membership in the union, he is entitled to that information. If UAW has a document showing what fees Marinov has paid to the union, UAW should produce it, if it has not done so already. It is not clear what other information Marinov seeks with this request, and UAW does not need to respond beyond that.

In Marinov's Request #4, he seeks copies of "all my Emails, Letters and Complaints to you."

4

UAW objects to the request as vague, overbroad, unduly burdensome, seeking privileged information, and seeking documents outside of its custody and control. It is not clear why documents sent by Marinov to UAW or its counsel would be privileged, or outside of UAW's control, and UAW does not attempt to explain these objections. UAW must search for and produce any complaints or letters from Marinov to UAW or its counsel, within UAW's custody or control, that are relevant to Marinov's allegations. E-mails, or communications that have been filed on the docket, do not need to be produced, as they are already available to both parties. Privileged material, if any, may be sealed on the docket if the producing party files a motion demonstration good cause. *See* N. D. Ind. L. R. 5-3(b).

### E. Marinov's "Request for Information" [DE 48]

Marinov also made a "request for information" from UAW, and objects to UAW's responses. Marinov's Requests #1 and #2 seek the names and addresses of individuals who ordered that he join the union and disregarded his alleged request to leave. UAW's response indicates that Marinov "executed an Authorization for Check-Off of Dues and Initiation Fee" as a condition with employment with Fiat Chrysler Automotive, and states its position that the incident Marinov references was not a request to UAW to leave the union. Therefore, no further response is required.

Marinov's Request #3 seeks the identities of various individuals who interacted with Marinov during his employment. UAW responds that the information is more readily available from UAW Local 685, which is a distinct entity from UAW, and from Fiat Chrysler Automotive. The responding party is not required to produce information if it can be more readily obtained from other sources. Fed. R. Civ. P. 26(b)(2)(C)(i). The identities of the specific individuals who interacted with Marinov on particular dates would be more readily obtained from his employer and the local branch

5

of the union. Marinov can obtain documents from Local 685 and Fiat Chrysler Automotive by filing a motion for the Court to issue a subpoena, explaining what documents he needs and who he needs them from. If the motion is granted, the Court will issue a form subpoena to Marinov, which he can fill out and serve on the person he wants documents from. *See* Fed. R. Civ. P. 45 (describing rules for issuing a subpoena).

### F. UAW's Motion to Extend Discovery Deadlines [DE 70]

Finally, UAW seeks to extend the discovery, expert discovery and expert witness disclosure deadlines for 90 days. Marinov objects to the extension, stating that any delay has been caused by UAW. Because the parties are still exchanging written discovery, the Court finds good cause to extend the discovery deadlines.

### G. Conclusion

For the reasons described above, the Court **DENIES** the relief requested in the filings at [DE 43], [DE 44], [DE 45], [DE 46], [DE 48], and [DE 50]. The Court **GRANTS in part and DENIES in part** the relief requested in the filing at [DE 47], **ORDERS** Defendant to produce additional documents in response to that request as described herein by **April 30, 2020**, and **DIRECTS** the parties to confer regarding any outstanding issues raised in the filing at [DE 47]. The Court **GRANTS** Defendant's Motion to Extend Certain Discovery Deadlines by 90 days [DE 70], and **ORDERS** that the discovery deadlines are extended as follows:

(1)　Fact discovery must be completed by **July 2, 2020**;

(2)　Plaintiff's expert witness disclosures and reports are to be provided to Defendant by **July 2, 2020**;

(3)　Defendant's expert witness disclosures and reports are to be provided to Plaintiff by

**August 3, 2020**;

(4)  Rule 26(e) supplements are due by **October 8, 2020**; and

(5)  The deadline to complete all expert discovery is **October 8, 2020**.

SO ORDERED this 27th day of March, 2020.

                                              s/ John E. Martin  
                                              MAGISTRATE JUDGE JOHN E. MARTIN  
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Plaintiff, *pro se*