UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| VASSIL MARKOV MARINOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18 CV 59 |
| ) | |
| UNITED AUTO WORKER, ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

This matter is before the court on defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW's ("International Union") motion for partial judgment on the pleadings. (DE # 59.) For the reasons that follow, the court will grant the motion.

**I.     BACKGROUND**

Plaintiff Vassil Markov Marinov's *pro se* complaint alleges that, as part of his employment with Fiat Chrysler Automotive, he was inappropriately included as a member of International Union and its local affiliate, Local 685. (DE # 1.) Plaintiff contends that union dues were improperly deducted from his Chrysler paychecks, and that the deduction of union dues from his paychecks is contrary to his religious beliefs.

In filling out the *pro se* complaint form, plaintiff check-marked the boxes indicating that his lawsuit alleged employment discrimination pursuant to: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12112-12117. (DE # 1 at 1.) Defendant now moves for judgment on the pleadings with respect to plaintiff's age and disability discrimination claims. (DE # 59.) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

In reviewing a motion under Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it

2

must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**III.    ANALYSIS**

Defendant argues that it is entitled to judgment on the pleadings with respect to plaintiff's age and disability discrimination claims because: (a) plaintiff failed to exhaust his administrative remedies with respect to these claims, and (b) plaintiff failed to state a cause of action with respect to these claims. The court takes each argument in turn.

A.    *Failure to Exhaust*

A plaintiff must file a charge with the EEOC before bringing a claim against his employer under the ADEA or ADA. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019) (ADEA); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) (ADA).

"'A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the earlier charges contained in the EEOC complaint.'" *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (quoting *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir.1996)). To determine whether a federal claim falls within the scope of the EEOC charge, courts must determine "whether the allegations are like or reasonably related to those contained in the EEOC complaint. If they are, then we ask whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* "Claims are reasonably related if there is a factual relationship

3

between them. At a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Id.* (internal citation omitted). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (internal citation and quotation marks omitted).

"Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). Courts should not punish technical defects like a failure to check a particular box on an EEOC form; rather, courts must view the charge as a whole and decide whether it contains facts that would alert the EEOC to the possibility of a particular theory of discrimination. *Ajayi*, 336 F.3d at 528.

Here, plaintiff's charge contained no facts that would reasonably alert the EEOC (or defendant) to the possibility of an age or disability discrimination claim. His charge focused exclusively on allegations that he was harassed and discriminated against on the basis of his religion, and discussed his religious objections to his inclusion in the union. In similar cases, where the plaintiff identified one type of discrimination in his EEOC charge, and later added an additional theory of discrimination in his lawsuit, and there was nothing in the EEOC charge that could have alerted the EEOC to the existence of the additional claim of discrimination, the Seventh Circuit has held that the additional theory of discrimination was not like, or reasonably related to, the EEOC charge. *See e.g. Johnson v. Beach Park Sch. Dist.*, 638 F. App'x 501, 502 (7th Cir. 2016) ("Johnson failed to exhaust her

administrative remedies for her age discrimination claim. Nothing in her EEOC charges [alleging race and disability discrimination]. . . even hints at age discrimination."); *Ajayi*, 336 F.3d at 528 (plaintiff's age discrimination claim was outside the scope of her EEOC charge where she alleged three instances of national origin discrimination, but did not mention age).

To allow plaintiff to proceed with his age and disability discrimination claims would "thwart the basic purpose of requiring a charge, which is to give the employer some warning of the [complained-of] conduct and afford the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Ajayi*, 336 F.3d at 528 (internal citation and quotation marks omitted). Therefore, this court will grant defendant's motion for partial judgment on the pleadings on the basis that plaintiff failed to exhaust his age and disability discrimination claims.

    B.    *Failure to State a Claim*

Even if plaintiff had exhausted his administrative remedies with respect to his age and disability discrimination claims, he failed to state such claims in his complaint. While plaintiff check-marked the boxes indicating claims for age and disability discrimination, his complaint does not contain any allegations of age or disability discrimination. His complaint also does not contain any allegations from which this court could plausibly infer that defendant discriminated against plaintiff on the basis of his age or disability. In fact, it is questionable whether plaintiff actually intended to proceed with claims for age and disability discrimination. In his very brief response to defendant's motion, plaintiff stated

5

simply: "Defendants Motion has no [] relation with the subject matter of this my Case[.]" (DE # 64 at 1.)

Plaintiff's complaint fails to state an age or disability discrimination claim. Therefore, defendant's motion for judgment on the pleadings with respect to these claims will be granted.

## IV.     CONCLUSION

For these reasons, the court grants defendant's motion for partial judgment on the pleadings. (DE # 59.)

**SO ORDERED.**

Date: April 16, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT