UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **VASSIL MARKOV MARINOV,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18 CV 59 |
| ) | |
| **UNITED AUTO WORKER (UAW),** ) | |
| ) | |
| Defendant. ) | |

### OPINION and ORDER

This matter is before the court on plaintiff Vassil Markov Marinov's objection to the consolidation of his cases for purposes of discovery. (DE # 104.) For the reasons that follow, Marinov's objection will be overruled.

### I.      BACKGROUND

On September 24, 2020, during a telephonic status conference, Magistrate Judge Andrew P. Rodovich consolidated this case, for purposes of discovery, with three other cases Marinov has filed in this district: *Marinov v. Fiat Chrysler Automotive*, 4:18-cv-56-TLS-APR (N.D. Ind. filed Aug. 1, 2018); *Marinov v. Fiat Chrysler Automotive*, 4:18-cv-75-TLS-APR (N.D. Ind. filed Oct. 9, 2018); *Marinov v. Fiat Chrysler Automotive (FCA)*, 4:18-cv-80-TLS-APR (N.D. Ind. filed Nov. 1, 2018). (DE # 97.) Marinov filed a timely objection to Magistrate Judge Rodovich's decision to consolidate this case with cases 4:18-cv-75 and 4:18-cv-80. (DE # 104 at 1; *see also* DE ## 100, 102.)

All three of the cases Marinov identifies in his objection involve allegations that he was not properly compensated for his work at Fiat Chrysler Automotive

("Chrysler"). In the present case, Marinov alleges that, as part of his employment with Chrysler, he was inappropriately included as a member of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("International Union") and its local affiliate, Local 685. (DE # 1.) Marinov contends that union dues were improperly deducted from his Chrysler paychecks, and that the deduction of union dues from his paychecks is contrary to his religious beliefs. In 4:18-cv-75, Marinov more broadly challenges Chrysler's deduction of union dues from his paycheck. *Marinov*, 4:18-cv-75 at DE # 1 at 2, 10. In 4:18-cv-80, Marinov challenges Chrysler's failure to pay him holiday pay and supplemental unemployment benefits. *Marinov*, 4:18-cv-80 at DE # 1 at 2. Cases 4:18-cv-75 and 4:18-cv-80 have been consolidated for all purposes, with the agreement of all parties, on the basis that the claims in both cases involve the same period of time and involve the same legal claims. *Marinov*, 4:18-cv-75 at DE # 38.

Marinov now objects to the consolidation of his cases, for purposes of discovery, on the basis that he is "seriously worried about impartial consideration and decision on this my case in connection with this change of Judge[.]" (DE ## 100, 102.) He also argues that each of these three cases are very different and the consolidation of the cases for purposes of discovery will create hardship for him and the people who assist

him with his cases.[1] (DE # 104 at 1.) Defendant International Union supports the consolidation. (DE # 111.) This matter is fully briefed and is now ripe for ruling.

## II. LEGAL STANDARD

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pre-trial matter within 14 days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

---

[1] Marinov also argues that the court has previously ruled that his cases should not be consolidated. (DE # 104 at 1.) Marinov first points to Docket Entry # 6 in 4:18-cv-75. In 4:18-cv-75, his case was initially dismissed as inadvertently opened. Marinov filed a motion to reconsider the dismissal, arguing that he intended to litigate the case separately from his case in 4:18-cv-56. In Docket Entry # 6, the court vacated the order dismissing his case as inadvertently opened.

Marinov also points to Docket Entry # 19 in 4:18-cv-56. (DE # 104 at 1.) In that case, Marinov's amended complaint was stricken for failure to include all of his claims within his amended pleadings. In Docket Entry # 19, the court granted his request to proceed with his original complaint. Neither of the orders to which Marinov points have addressed the consolidation of his cases for purposes of discovery.

**III.     ANALYSIS**

The question before this court is whether Magistrate Judge Rodovich's decision to consolidate this case with 4:18-cv-75 and 4:18-cv-80, for purposes of discovery, was clearly erroneous or contrary to law. Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Magistrate Judge Rodovich's decision to consolidate Marinov's three cases for purposes of discovery was not clearly erroneous or contrary to law because each of these cases involve common questions of fact. Each case involves Marinov's compensation from Chrysler during the same period of time. In fact, this case and 4:18-cv-75 both involve the deduction of union dues from his paychecks at Chrysler from July 2013 to present. Given the commonality between these cases, Marinov's objection will be overruled. Consolidation of these cases for purposes of discovery will aid in judicial economy and will hopefully avoid substantial duplication of the parties' efforts during discovery.

Marinov is concerned that the consolidation of his cases will require him to simultaneously collect a large volume of completely different information. (DE # 112 at 1.) He is also concerned about the time it will take to respond to the discovery requests in his various cases, given his need for an interpreter. (*Id.* at 2.) To the extent that Marinov will require additional time to respond to discovery, he is free to raise the issue before Magistrate Judge Rodovich and file a motion for an extension of time.

**IV.     CONCLUSION**

For the foregoing reasons, the court **OVERRULES** plaintiff's objections to Magistrate Judge Rodovich's decision to consolidate this case with 4:18-cv-75 and 4:18-cv-80, for purposes of discovery. (DE # 104.)

**SO ORDERED.**

Date: October 26, 2020

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT