UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **VASSIL MARKOV MARINOV,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 59 |
| | ) |
| **UNITED AUTO WORKER (UAW),** | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on Magistrate Judge Andrew P. Rodovich's *sua sponte* report and recommendation that plaintiff Vassil Marinov's case be dismissed for failure to comply with court orders. (DE # 194.) For the reasons set forth below, the court overrules plaintiff's objections and adopts the Report and Recommendation—thus dismissing this case.

**I.     STANDARD OF REVIEW**

When a party objects to a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court has discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; FED. R. CIV. P. 72(b). As plaintiff appears to object to all of the core legal conclusions and factual findings made in the Report and Recommendation (*see e.g.* DE # 204), this court will review Magistrate Judge Rodovich's report de novo. *See* 28 U.S.C. § 636(b)(1)(C).

**II. BACKGROUND**

Plaintiff filed four separate lawsuits against two defendants, Fiat Chrysler Automotive U.S. LLC (Fiat) and United Auto Worker (UAW). Magistrate Judge Rodovich consolidated plaintiff's cases for purposes of discovery.[1] (DE # 97.)

During the course of discovery, plaintiff requested that the defendant in this case, UAW, disclose documents regarding, among other things: requests for, and disclosure of, his personal information to third parties; any document containing his name and personal information; documentation of all money transferred in his name to pay for union fees; copies of all communications he made to defendant; identification of the people who "ordered [him] to be registered as a member of UAW"; and identification of various people with whom he interacted at work, or who were present during certain meetings. (DE ## 36, 37.) Plaintiff objected to defendant's response to his requests, and sought to compel defendant to disclose all documents relevant to his requests. (DE ## 47, 48.)

Magistrate Judge John E. Martin[2] granted plaintiff's motions in part, and denied his motions in part. (DE # 73.) Magistrate Judge Martin ordered the parties to confer regarding plaintiff's request for information containing his personal information and

---

[1] *See Marinov v. Fiat Chrysler Automotive*, 4:18-cv-56-TLS-APR (N.D. Ind. filed Aug. 1, 2018); *Marinov v. Fiat Chrysler Automotive*, 4:18-cv-75-TLS-APR (N.D. Ind. filed Oct. 9, 2018); *Marinov v. Fiat Chrysler Automotive (FCA)*, 4:18-cv-80-TLS-APR (N.D. Ind. filed Nov. 1, 2018).

[2] Magistrate Judge Martin presided over discovery in this case prior to its consolidation for purposes of discovery.

2

his request for documents showing whether any third party sought or exchanged his personal information with defendant. (*Id.* at 3-4.) The court ordered defendant to produce any existing document showing what fees plaintiff paid to the union, if defendant had not already done so. (*Id.* at 4.) The court also ordered defendant to produce any relevant documents that plaintiff sent to defendant. (*Id.* at 5.) However, the court denied plaintiff's request that defendant identify the individuals who ordered that he join the union, finding that defendant's response to this request was adequate. (*Id.*) The court also denied plaintiff's request that defendant identify various individuals who interacted with him during his employment, finding that this information is more readily accessible from the local union or Fiat. (*Id.* at 5-6.) The court explained how plaintiff could obtain that information via subpoena. (*Id.* at 6.)

Despite Magistrate Judge Martin's rulings on his requests, plaintiff continued to file motions arguing that defendant must disclose: the identities of the people who ordered him to be registered as part of the union, and the identities of the people present at certain meetings or who interacted with him during his employment. (DE ## 78, 89, 92, 98, 106.) Plaintiff also challenged defendant's responses to the requests that Magistrate Judge Martin ordered defendant to provide. (DE ## 81, 92, 98.) Finally, plaintiff filed a motion regarding defendant's answer to a new request: that defendant state whether the various individuals he wished to identify are defendant's employees. (DE ## 80, 98.)

3

In response to plaintiff's motions, Magistrate Judge Rodovich[3] ordered plaintiff not to file any additional motions until the court ruled on his pending motions. (DE # 109.) Magistrate Judge Rodovich warned plaintiff that his failure to abide by this order would result in sanctions. (*Id.*) Plaintiff failed to comply with this order, despite a reminder from Magistrate Judge Rodovich. (*See* DE ## 114, 117, 118, 120, 124.)

In ruling on plaintiff's discovery motions, Magistrate Judge Rodovich re-affirmed the court's earlier discovery rulings finding that defendant had adequately responded to plaintiff's discovery requests. The court also determined that defendant complied with the court's order that defendant provide additional responses and/or documents. Magistrate Judge Rodovich determined that no additional disclosures from defendant were required, and denied plaintiff's motions. (DE # 125 at 3.)

Magistrate Judge Rodovich then vacated his earlier order prohibiting plaintiff from filing new motions, but warned plaintiff that any future repetitive or groundless motions would result in the imposition of sanctions. (DE ## 127.) Plaintiff filed two motions seeking clarification of this warning. (DE ## 135, 148.) Magistrate Judge Rodovich issued orders addressing plaintiff's concerns. (DE ## 141, 149.) Magistrate Judge Rodovich explained that plaintiff's unwillingness to accept the court's rulings was unacceptable, and warned that plaintiff must not continue to object to the court's rulings or file repetitive motions. (DE # 149.)

---

[3] At this point, plaintiff's cases had been consolidated and Magistrate Judge Rodovich presided over discovery.

Less than a week after receiving this warning from the court, plaintiff filed seven objections to defendant's discovery responses, raising arguments that the court had already addressed. (DE ## 150-156.) Accordingly, Magistrate Judge Rodovich imposed monetary sanctions against plaintiff, warning plaintiff that if he continued to refuse to accept the rulings of the court, he would incur greater monetary sanctions, and his case may be dismissed. (DE # 157.) Plaintiff filed a motion challenging the imposition of sanctions (DE # 162), and Magistrate Judge Rodovich imposed additional monetary sanctions, finding that plaintiff was again raising repetitive arguments and refusing to accept the court's discovery rulings as final. (DE # 163.) When plaintiff filed yet another motion making the same arguments regarding defendant's discovery responses, Magistrate Judge Rodovich issued a third round of monetary sanctions. (DE # 166.)

Undeterred, plaintiff filed an additional motion, reiterating his arguments that defendant was required to produce certain documents. (DE # 171.) Magistrate Judge Rodovich ordered plaintiff to refrain from filing any additional motions until the court had an opportunity to address his pending motion. (DE # 176.) Ignoring this order, plaintiff filed several additional motions, including motions arguing that defendant's discovery representations were false or inadequate. (DE # 179, 180, 187, 188, 192, 193.)

Magistrate Judge Rodovich then *sua sponte* issued the Report and Recommendation now before this court. (DE # 194.) The Report and Recommendation relays the above procedural history, and notes that plaintiff is proceeding pro se and that English is not plaintiff's primary language. Magistrate Judge Rodovich found that

5

plaintiff has attempted to use these latter facts as an excuse for his refusal to comply with court orders. Magistrate Judge Rodovich found that plaintiff has refused to accept defendant's response that requested documents do not exist, and has made repetitive requests for documents despite court rulings on the issue. Finding that plaintiff has been undeterred by repeated warnings and explanations, and by monetary sanctions, Magistrate Judge Rodovich recommended dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) as the appropriate sanction.

The Report and Recommendation ended with an order that plaintiff only file one motion in response to the Report and Recommendation, and warned plaintiff that his failure to comply with this order may be considered by the district court in ruling on the Report and Recommendation. Plaintiff disregarded this order and filed several motions, including a motion again arguing that defendant had not responded to the same discovery requests for which he already had received rulings. (DE # 197, 198, 199.) Magistrate Judge Rodovich warned plaintiff that if he continued to file motions in violation of the Report and Recommendation's prohibition on filings, sanctions would be imposed. (DE # 200.) This warning notwithstanding, plaintiff filed a number of new motions. (DE ## 204, 205, 206, 207, 208, 209, 210, 212, 213, 214, 215, 216, 217.)

### III. DISCUSSION

#### A. *Extension of Time*

A few preliminary matters must be addressed prior to proceeding to the merits of the Report and Recommendation. First, plaintiff has requested an additional

6

extension of time to file his response to the Report and Recommendation.[4] (DE # 214.) Plaintiff argues that he requires additional time in light of lingering health issues after contracting COVID-19, and in order to find people to assist him with his case. He requests an additional 60 or 90-day extension.

The court finds that no additional extension is necessary or warranted. His health and lack of assistance notwithstanding, plaintiff has filed 17 motions since the Report and Recommendation was issued. In these motions, plaintiff substantively addresses his objections to the Report and Recommendation. Furthermore, plaintiff argues that he cannot respond to the Report and Recommendation unless this court requires defendant to disclose the documents he has so persistently attempted to secure – documents that the magistrate judges have determined either do not exist, must be obtained from a third party, or need not be disclosed. Because this court is not inclined to overrule the magistrate judges' discovery rulings, granting plaintiff his requested extension would not help him file an objection. Accordingly, the court will deny his motion for an extension of time.

B.     *Appointment of Counsel*

Plaintiff has also requested the appointment of counsel. (DE # 215.) The court may, in its discretion, appoint counsel under 28 U.S.C. § 1915. In assessing a request for counsel, the court must ask: "(1) has the indigent plaintiff made a reasonable attempt to

---

[4] This court previously granted plaintiff's request for a 60-day extension. (*See* DE # 196.)

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). In considering whether a plaintiff is competent to litigate a case on his own, the Seventh Circuit has instructed:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (internal citations and quotation marks omitted). There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* In summary, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Applying those factors here, the court finds that plaintiff is competent to litigate this case on his own. While he does not address his educational background in the motion, the court is aware that English is not plaintiff's native language. Plaintiff has

8

stated in filings for many months now that the people who assisted him with his case have withdrawn their assistance. (*See e.g.* DE # 158, 190.) Nevertheless, plaintiff's subsequent filings demonstrate that he is fully literate and is capable of articulating his position to the court. To date, he has actively pursued this litigation, and his filings have been neatly presented and comprehensible. He demonstrates an awareness and understanding of the facts relevant to his case. It is only now, after three years of litigating this case, when he is faced with dismissal as a sanction, that plaintiff believes that appointment of counsel is necessary. Plaintiff need not understand complicated legal issues in order to present his objections to the Report and Recommendation. This motion, as with many of his other motions filed after the Report and Recommendation, appears to be a stalling tactic. Because plaintiff has demonstrated that he is capable of litigating this case on his own, his motion to appoint counsel will be denied.

    C.    *Monetary Sanctions*

Plaintiff has filed objections to Magistrate Judge Rodovich's imposition of monetary sanctions. (DE ## 205-207.) Plaintiff's objections are untimely. Pursuant to Federal Rule of Civil Procedure 72, a party must serve and file any objections to a magistrate judge's order or recommendation within 14 days of being served with a copy. Plaintiff was served with a copy of the sanctions orders on February 20, 2021 (DE # 159) and March 4, 2021 (DE ## 174, 177). Accordingly, plaintiff had until March 6, 2021, and March 18, 2021, to file his objections to the sanctions orders. Plaintiff's

9

objections were filed nearly two months late, in May 2021. Accordingly, his objections will be overruled as untimely filed.

    D.    *Dismissal*

The court turns now to Magistrate Judge Rodovich's recommendation that plaintiff's case be dismissed as a sanction for his failure to comply with court orders. The Report and Recommendation cites Federal Rule of Procedure 37(b)(2)(A)(v) as the basis for sanctions; however, plaintiff did not "fail[] to obey an order to provide or permit discovery . . .." Fed. R. Civ. P. 37(b)(2)(A); *see also Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019). Nevertheless, pursuant to the court's inherent authority, the court may impose dismissal as a sanction for failure to comply with the court's orders. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("Apart from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct."). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* "[T]he facts underlying a district court's decision to dismiss the suit" must be supported by a preponderance of the evidence. *Id.* at 781.

This court finds that plaintiff has demonstrated a willful abuse of the judicial process by persistently refusing to comply with court orders. For example, after Magistrate Judge Martin denied his motion to compel the disclosure of information

10

regarding various individuals who interacted with him during his employment, and instructed plaintiff to seek this information from Fiat or the local union – providing instructions on how he could do so – plaintiff filed motion after motion arguing that defendant was one entity with the local union and therefore must respond to his discovery requests. Plaintiff continued to make these arguments even after Magistrate Judge Rodovich affirmed Magistrate Judge Martin's rulings. (*See e.g.* DE ## 131, 136, 155, 156, 179.) Plaintiff also continued to argue that defendant was required to produce a document identifying any money taken from his paycheck to pay union fees, long after Magistrate Judge Rodovich ruled that defendant had sufficiently responded to his request and that further information should be obtained from Fiat or the local union. (*See e.g.* DE # 73, 125, 131, 149, 155, 156, 171, 179.) Also illustrative of his failure to comply with court orders is the fact that it took plaintiff more than a year, and several court orders, to provide defendant with initial disclosures. (DE # 34, 97, 123, 132.)

Plaintiff attempts to excuse his willful behavior by citing his pro se status and the fact that English is not his native language. Yet, when plaintiff sought clarification from Magistrate Judge Rodovich, he was provided with an explanation of what behavior the court found unacceptable. Magistrate Judge Rodovich explained which filings were not appropriate, and why. Like Magistrate Judge Rodovich, this court finds that plaintiff's continuous refusal to comply with court orders was born of stubbornness, rather than lack of understanding. Plaintiff's pro se status does not excuse his refusal to comply with court orders. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those

11

who are pro se must follow court rules and directives."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (same).

Plaintiff was ordered on several occasions to stop filing objections, and to wait for a response from the defendant and a ruling from the court, and each time he failed to comply with these orders. Magistrate Judge Rodovich ordered him to file one objection to the Report and Recommendation, and to stop filing motions until he received a ruling from this court. Plaintiff ignored these directives and filed more than a dozen motions. Plaintiff was warned throughout the course of this litigation that his failure to comply with court orders would result in sanctions, including the dismissal of his case. Time and again, plaintiff has demonstrated contempt for court directives. Court warnings and the imposition of monetary sanctions failed to have any deterrent effect on plaintiff's abusive filing practices. Accordingly, the sanction of dismissal is an appropriate and proportionate response to plaintiff's conduct.

## IV.    CONCLUSION

For the foregoing reasons, the court:

(1)    **OVERRULES** plaintiff's objections to the Report and Recommendation;

(2)    **ACCEPTS and ADOPTS** Magistrate Judge Rodovich's Report and Recommendation (DE # 194);

(3)    **DENIES** plaintiff's Motion Regarding No Answers to Motion of 3/31/21 (DE # 198);

(4)    **DENIES** plaintiff's Motion-Objection to Cancel the Recommendation of 4/9/21 (DE # 204);

(5) **DENIES** plaintiff's objections to the imposition of monetary sanctions (DE ## 205-207);

(6) **DENIES** plaintiff's Motion re Report and Recommendations and Motion to Amend (DE ## 212, 213);

(7) **DENIES** plaintiff's motions for extensions of time (DE ## 214, 217);

(8) **DENIES** plaintiff's Motion to Appoint Counsel and Motion Requesting Ruling (DE ## 215, 216);

(9) **DENIES** all other pending motions as moot (DE ## 171, 179, 180, 187, 188, 190, 192); and

(10) **DISMISSES** this case with prejudice.

**SO ORDERED.**

Date: September 3, 2021

        s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT